

1
2
3
4
5
6
7
8                               UNITED STATES DISTRICT COURT
9                              SOUTHERN DISTRICT OF CALIFORNIA
10

| 11 | UNITED STATES OF AMERICA, | ) | Magistrate Case No. 08MJ8676 |
|---|---|---|---|
| 12 | Plaintiff, | ) | |
| 13 | v. | ) | FINDINGS OF FACT AND ORDER OF DETENTION |
| 14 | Miguel Angel SERVIN-Espinoza, | ) | |
| 15 | Detention. | ) | |
| 16 | | ) | |

17   In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a
18 detention hearing was held on July 24, 2008, to determine whether defendant Miguel Angel SERVIN-
19 Espinoza should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S.
20 Attorney Karla K. Davis appeared on behalf of the United States. Diane Regan, of Federal Defenders
21 of San Diego, Inc., appeared on behalf of the Defendant.
22   Based on the evidence proffered by the United States and the Defendant, the Pretrial Services
23 Officer, and the criminal complaint issued against the Defendant on July 24, 2008, by this Court, the
24 Court concludes that the following facts establish by a preponderance of the evidence that no condition
25 or combination of conditions will reasonably assure the appearance of the Defendant required.
26 ///
27 ///
28 ///

I

## FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)</u>

1. The Defendant is charged in Criminal Complaint No. 08MJ8676 with the importation of 235.64 kilograms (518.41 pounds) of cocaine into the United States in violation of 21 U.S.C. § 952 and 960. Therefore, there exists probable cause to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801 et seq.). See 21 U.S.C. § 841(b)(1)(A). Thus, there arises a presumption that no condition or combination of conditions will reasonable assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. According to the United States Sentencing Guidelines, the Base Offense level is 38, <u>See</u> USSG § 2D1.1. Even assuming the Defendant's criminal history score places him in Criminal History Category I, <u>see</u> USSG § 4A1.1., the sentencing range for the Defendant is 235-293 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2)</u>

1. The weight of the evidence against the Defendant is strong in that on July 23, 2008, Defendant was the driver and sole occupant of a 1999 International tractor as he entered into the United States through the Calexico, California, East Port of Entry. Customs and Border Protection Officer (CBPO) Perez noticed the fuel tank sounded solid when tapped. The Defendant and the tractor were referred to the truck x-ray for a closer examination. The x-ray revealed anomalies in the fuel tank. CBPO Leon conducted a canine inspection of the tractor. The canine responded to both fuel tanks. Further inspection of the tractor revealed 235.64 kilograms (518.41 pounds) of cocaine concealed within both fuel tanks.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)</u>

1. The Defendant is a citizen of Mexico.

2. The Defendant resides with his wife and two children in Mexicali, Baja California, Mexico.

3. The Defendant has no legal right to remain or work in the United States, as he only possesses a Border Crossing Card.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)

1. Other than that the charged crime is a drug trafficking offense, there is nothing to suggest that release of the Defendant would pose a danger to any person or the community.

II

REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 08MJ8676, namely, the importation of 235.64 kilograms (518.41 pounds) of cocaine into the United States in violation of 21 U.S.C. § 952 and 960.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. She therefore has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings that, there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), and that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///
///
///
///

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 8-5-08

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

KARLA K. DAVIS
Assistant U.S. Attorney

cc: Diane Regan
    Federal Defenders of San Diego, Inc.

    Mark Adams
    Counsel for Defendant